**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5013

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEWART LYNN OEHLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:07-cr-00015-LHT)

Submitted: October 14, 2008        Decided: October 16, 2008

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREEN & WILSON, P.A., New Bern, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stewart Lynn Oehler appeals from his conviction for conspiracy to manufacture and to possess with intent to distribute methamphetamine. On appeal, Oehler asserts that the district court erred by relying on the facts in the presentence report to satisfy the factual basis for his guilty plea. According to Oehler, the lack of a specific overt act during the conspiracy time frame rendered the factual basis insufficient. We affirm.

Federal Rule of Criminal Procedure 11(b)(3) requires that the district court satisfy itself that there is a factual basis for the plea prior to entering judgment. However, because Oehler did not move in district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A district court may find the factual basis for the plea "from anything that appears on the record," and the court may defer its inquiry until sentencing. Id. at 531 (holding that court may satisfy factual basis requirement by examining presentence report).

Here, Oehler stipulated that a factual basis existed and agreed that the evidence in the presentence report could be accepted and established a factual basis for the plea. The presentence report showed that, from 2001 until 2007, Oehler assisted with several methamphetamine laboratories, teaching others

how to manufacture methamphetamine. He also regularly manufactured methamphetamine and distributed it to others in the organization. This factual description, to which Oehler specifically agreed, was sufficient to establish a factual basis for a conspiracy charge.

Oehler finds fault in the fact that some of the specific overt acts alleged in the presentence report took place at an unspecified time between 2001 and 2002. While the indictment alleged that the conspiracy operated from "in or around January 2002," the conspiracy statute, 21 U.S.C. § 846 (2000), does not require the Government to prove an overt act. United States v. Burns, 990 F.2d 1426, 1432 (4th Cir. 1993). Moreover, although some of the acts may have predated January 2002, the "in or around" language in the indictment requires only proof of a date reasonably near the specified date. United States v. Queen, 132 F.3d 991, 999 (4th Cir. 1997). We find that the district court did not plainly err in determining that the presentence report contained sufficient information supporting all the elements of the charge to which Oehler pled guilty.

Accordingly, we affirm Oehler's conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3